IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00436-RJC
(3:05-cr-00002-RJC-DSC-1)

| | |
|---|---|
| MARIA ESTERE CONTRERAS, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which she filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's motion will be dismissed.

I.  BACKGROUND

Petitioner was indicted on one count of conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, (Case No. 3:05-cr-2, Doc. No. 3), and she later pled guilty to that offense pursuant to a plea agreement, (Id., Doc. No. 32 at 2). In the plea agreement, Petitioner was informed that she faced ten years' to life imprisonment based on her admission that five to ten kilograms of cocaine were reasonably forseeable to her. (Id. at 1). She appeared before a magistrate judge who explained the elements of the § 846 charge, after which Petitioner stated under oath that she understood the charge and the potential term of imprisonment. The magistrate judge accepted her guilty plea, finding that is was knowing and voluntary. (Case No. 3:05-cr-2, Doc. No. 33).

In the Presentence Report ("PSR"), the probation officer calculated a base offense level of 32 based on eight kilograms of cocaine pursuant to §2D1.1 of the U.S. Sentencing Guidelines Manual ("USSG"). (Id., Doc. No. 127: PSR at ¶ 10). Petitioner was assessed a two-level

enhancement for obstruction of justice because she absconded from pretrial supervision which also eliminated her three-level reduction for acceptance of responsibility. (Id. at ¶¶ 13, 14). The total offense level of 34 combined with a criminal history category of I resulted in an advisory guidelines range of 151 to 188 months' imprisonment. (Id. at ¶¶ 43, 44). On November 17, 2010, the Court entered Judgment recording her sentence of 168 months' imprisonment. (Case No. 3:05-cr-2, Doc. No. 130). Her appeal was dismissed based on the waiver in her plea agreement on August 1, 2011. (Id., Doc. No. 146, Order).

Petitioner filed the instant motion to vacate on August 1, 2013, (Doc. No. 1), after the Supreme Court announced its decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), on June 17, 2013.

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides, in relevant part that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in

excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Petitioner contends that her sentence is illegal after the Supreme Court's opinion in Alleyne because facts used to increase her sentence were not found by a jury. (Doc. No. 1: Motion at 2). Petitioner's reliance on Alleyne is misplaced because she admitted that she was responsible for between five and 10 kilograms of cocaine in her plea agreement and in her Rule 11 hearing, triggering the enhanced mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). (Case No. 3:05-cr-2, Doc. No. 32: Plea Agreement at 2; Doc. No. 143: Plea Hr'g Tr. at 8, 10). Although she was sentenced above the resulting 120 month mandatory minimum, the mandatory minimum term itself was not increased by any findings made by the Court. Accordingly, she was not sentenced in violation of the rule announce in Alleyne because she admitted the fact triggering the enhanced mandatory minimum term, waiving a jury's determination of the issue. Other facts found by the Court, such as her absconding from pretrial supervision, did not result in a sentence above the statutory maximum of life based on her plea.

IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate, (Doc. No. 1), is **DENIED** and **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-

El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: July 9, 2015

Robert J. Conrad, Jr.
United States District Judge